[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15474
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-00206-JRH-BKE; 1:12-cr-00204-JRH-BKE-1

REGINA M. PREETORIUS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 15, 2019)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Regina M. Preetorius, a federal prisoner serving a 280-month total sentence, appeals the denial of her motion to vacate her sentence under 28 U.S.C. § 2255. The sole issue is whether Preetorius's counsel rendered ineffective assistance by failing to "explore the government's good-faith efforts to resolve the proceedings with a plea of guilty." After careful review, we affirm.

"In a section 2255 proceeding, we review legal conclusions de novo and factual findings for clear error. Ineffective assistance of counsel claims are mixed questions of law and fact that we review de novo." Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (citation omitted).

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." Padilla v. Kentucky, 559 U.S. 356, 364, 130 S. Ct. 1473, 1480–81 (2010) (quotation marks omitted). To prevail on an ineffective assistance claim, the defendant must "show that counsel's performance was deficient" and that she "suffered prejudice as a result of that performance." Osley, 751 F.3d at 1222. As a general rule, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145, 132 S. Ct. 1399, 1408 (2012). But "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." Lafler v. Cooper, 566 U.S. 156, 174, 132 S. Ct. 1376, 1391 (2012). To show prejudice in this

2

context, a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) the defendant would have accepted the plea; (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, would have been less severe than under the judgment and sentence that were imposed. Osley, 751 F.3d at 1222.

Preetorius's counsel did not render ineffective assistance. Her counsel advised her about the government's plea offer of five years, as she concedes. She argues her counsel ought to have persuaded her to plead despite her claim of innocence given the high conviction rate in the Southern District Court of Georgia. But she does not suggest her counsel advised her not to accept the plea or hinted she would be acquitted at trial. She has shown nothing to indicate her counsel's performance fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).

Nor can we say Preetorius suffered prejudice, even assuming she received ineffective assistance. Preetorius was aware of her potential sentence if convicted. The government gave her a penalty certification, and a Magistrate Judge advised her of the possible penalties at her arraignment. She proceeded to trial knowing her potential sentencing exposure. She also maintained her innocence during and after trial. This undermines her claim that she would have pled guilty if properly advised about the plea deal. See Osley, 751 F.3d at 1224 ("Osley's claim that he

would have pled guilty had he been properly informed is also undermined by his repeated claims of innocence.").

The district court's denial of Preetorius's § 2255 motion is **AFFIRMED.**